## IN RE TILLINGHAST, Executor.

PROVIDENCE—JUNE 21, 1901.

PRESENT : Stiness, C. J., Rogers and Blodgett, JJ.

(1) *Wills. Specific Legacies. Ademption.*

Testamentary bequest as follows : "Whereas I am or may be entitled to a certain interest in the estate of my mother, which is now in the hands of the F. Trust Co., now I give, devise and bequeath the samé to the F. Trust Co., in trust to keep the same invested and to pay the net income to my husband for the term of his natural life and upon his death then to pay the income to his daughter P. for the term of her natural life and upon her death to hold the estate in trust upon the same terms of trust as are above provided for in the fourth item hereof for the estate over which I have a power of appointment under the will of my father D."

After the execution of the will all the securities referred to were delivered to testatrix, excepting two mortgages which were assigned to her but left in the hands of the trust company by her to collect for her account. With the exception of the mortgages, all the securities were converted by testatrix to her own use in her life-time.

*Held,* that the language used constituted a specific bequest.

*Held,* further, that, with the exception of the mortgages, the legacy was *pro tanto* adeemed.

*Held,* further, that as to the mortgages the act of transferring them to her own name was not an ademption, as they existed *in specie* at the time of her death and the exact amount of their proceeds was known and was held by the executor as a distinct fund.

*Held,* further, that the fact that the securities were described as being in the hands of the trust company was not material, the place of deposit being used merely as descriptive of the thing bequeathed.

*Held,* further, that the terms of the clause creating the specific legacy should be limited to the interest testatrix had in the estate of her mother, without including the interest which came to her as the heir of her sister.

PETITION for construction of a will. The facts are fully stated in the opinion.

BLODGETT, J. Upon the agreed statement of facts three questions arise under the fifth clause of the will of Ellen M. Perry, late of Bristol, deceased, concerning the disposition of the sum of $8,259.07, the cash balance now in the hands of the executor. The clause in question is as follows :

"Fifth. Whereas I am or may be entitled to a certain interest in the estate of my mother, Ellen M. Dabney, deceased, which is now in the hands of the Fidelity Insurance, Trust, and Safe Deposit Company, Now I give, devise, and bequeath the same to the Fidelity·Insurance, Trust, and Safe Deposit Company, in trust, to keep the same invested, and to pay the net income thereof to my husband, Raymond H. Perry, for the term of his natural life, and upon his death then to pay the income thereof to his daughter, Frances Raymond Perry, for the term of her natural life, and upon her death. then to hold the said estate in trust upon the same terms of trust as are above provided for in the fourth item hereof for the estate over which I have a power of appointment under the will of my said·father, Charles H. Dabney."

These questions are :— .

1. Does the language of said fifth clause constitute a specific legacy ?

2. If so, has such legacy been in whole or in part adeemed ?

3. Does the share of Mrs. Perry in the estate of her sister, Frances E. Rhett, come within the provisions of said fifth clause of the will of Ellen M. Dabney ?

1. We are of the opinion that the bequest under consideration is a specific bequest. The language used is substantially similar to the language used by the court in *Dean* v. *Rounds*, 18 R. 1. 437, as constituting a specific bequest. It absolutely appropriates a fund clearly defined, and for a long time invested in certain securities easily capable of identification, but whose exact cash value was not known, to one definite object. It was, therefore, an appropriation of the fund itself, rather than an attempt to measure the gift by the amount of an uncertain sum. *Towle* v. *Swasey*, 106 Mass. p. 106 ; *Bethune* v. *Kennedy*, 1 Myl. & Cr. 114 ; *Stephenson* v. *Dowson*, 3 Beav. p. 349 ; *Shuttleworth* v. *Greaves*, 4 Myl. & Cr. 37.

2. The will of Ellen M. Perry was executed on July 28, 1898, and she died on May 28, 1899. On May 11, 1899, she executed the following receipt to the trustee under Mrs. Dabney's will, as follows ;

"Received of the Fidelity Insurance, Trust, and Safe De-

posit Company, trustee, the sum of eleven thousand five hundred and fifty-eight and 92/100 dollars in kind as set forth in the schedule hereunto annexed, the same being in full of principal and income awarded to me as per the adjudication filed in the Orphans' Court, December 30th, 1898, upon the account of the said The Fidelity Insurance and Safe Deposit Company, trustee, as aforesaid.

" (Signed)     ELLEN M. PERRY.

" Witnesses at signing,

" NELLIE D'WOLF ARCHER,
" ABRAM O. POWELL."

It is agreed that all the securities therein referred to were then delivered to Mrs. Perry, except the two mortgages on property in Philadelphia, which were duly assigned to her by the trust company, but which she directed the trust company to retain in its possession and to proceed to collect for her account. It is conceded, too, that with the exception of these mortgages all the securities enumerated in this schedule were converted by Mrs. Perry to her own uses in her life-time. We are consequently of the opinion that the legacy was thereby *pro tanto* adeemed, since the specific items of the bequest no longer exist.

In *Kenaday* v. *Sinnott*, 179 U. S. 606, decided in 1900, Chief Justice Fuller says (p. 617): " The satisfaction of a general legacy depends on the intention of the testator as inferred from his acts, but the ademption of a specific legacy is effected by the extinction of the thing or fund bequeathed and the intention that the legacy should fail is presumed."

In *Tomlinson* v. *Bury*, 145 Mass. p. 347, decided in 1887, the court say :

" A specific legacy is one which separates and distinguishes the property bequeathed from the other property of the testator so that it can be identified. It can only be satisfied by the thing bequeathed ; if that has no existence when the bequest would otherwise become operative, the legacy has no effect. If the testator subsequently parts with the property,

even if he exchanges it for other property or purchases other property with the proceeds, the legatee has no claim on the estate for the value of his legacy. The legacy is adeemed by the act of the testator."

This doctrine has long been well settled. Indeed, the rule as to ademption was laid down very clearly by Lord Chancellor Thurlow in *Humphreys* v. *Humphreys*, 2 Cox, 185, decided in 1789, as follows:

"That the only rule to be adhered to was to see whether the subject of the specific bequest remained *in specie* at the time of the testator's death, for if it did not, then there must be an end of the bequest, and that the idea of discussing what were the particular motives and intention of the testator in each case, in destroying the subject of the bequest, would be productive of endless uncertainty and confusion." And see *Stanley* v. *Potter*, 2 Cox, 180.

As to the two mortgages aforesaid, we are of the opinion that the mere act of transferring them to her own name was not an ademption of them; for it is conceded that they were *in specie* at the time of her death, and the exact amount of their proceeds is clearly known and is held by the executor as a distinct fund. *Lee* v. *Lee*, 27 L. J. Ch. 824; *Moore* v. *Moore*, 29 Beav. 496.

*Dingwell* v. *Askew*, 1 Cox, 427; *Clough* v. *Clough*, 3 Myl. & K. 296; *Ashburner* v. *MacGuire*, 2 Bro. C. C. 108; *Barker* v. *Rayner*, 5 Madd. p. 217, affirmed in 2 Russ. 122.

*Basan* v. *Brandon*, 8 Sim. 171. It is true that these securities are described as being in the hands of the trust company; but in *Prendergast* v. *Walsh*, 58 N. J. Eq. 149, decided in 1899, which was also a case of ademption, the vice-chancellor held that "the place of deposit was merely used as descriptive of the thing bequeathed. It was used to identify the particular money given, and it is entirely settled that where the place is merely descriptive the removal of the thing to another place is immaterial."

And, finally, we are of the opinion that the terms of the fifth clause, creating this specific legacy, should be strictly limited to the interest which Mrs. Perry had in the estate of

her mother, Mrs. Dabney, without including the interest which came to Mrs. Perry as the heir of her sister, Mrs. Rhett.

A decree may be entered in accordance with this opinion.

*William R. Tillinghast and Norris & Hoffman,* for parties.